IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINSEREE JOHNSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 10-382-JJF-MPT |
| | : |
| PLYMOUTH PARK TAX SERVICES LLC, | : |
| | : |
| Defendant. | : |

Cinseree Johnson, Pro se Plaintiff. Athens, Ohio.

**MEMORANDUM OPINION**

July 8, 2010
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Cinseree Johnson ("Plaintiff"), filed this action on May 7, 2010. She appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 7.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff alleges that she is the owner of property that is the subject of a foreclosure complaint filed by Defendant Plymouth Park Tax Services LLC ("Defendant") in the Court of Common Pleas, Cuyahoga County, Ohio, on or about May 1, 2010. Defendant is a Delaware corporation. Plaintiff alleges that the foreclosure complaint incorrectly names Cascin Inc. as the owner of the parcel, rather than Plaintiff who is the actual owner of the parcel. Plaintiff alleges that Defendant refuses to cease and desist and has abused the legal process in violation of her right to due process. Plaintiff alleges that she has a right to be secure and free of unlawful foreclosure. She seeks a preliminary injunction and compensatory damages.

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court

1

must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for

2

failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her Complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] Id. at 211.

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that

3

In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. DISCUSSION**

    **A. Younger Abstention**

Plaintiff's pleading is titled "Complaint For Injunction." (D.I. 2.) Under the Younger abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[2] Also under Younger, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[3] Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437

---

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

    [2]The Court may raise the issue of Younger abstention sua sponte. O'Neill v. City of Philadelphia, 32 F.3d 785 n.1 (3d Cir. 1994).

    [3]The abstention doctrine as defined in Younger v. Harris, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The Younger doctrine has been extended to civil cases and state administrative proceedings. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982); Huffman v. Pursue Ltd., 420 U.S. 592 (1975).

4

(1982). The doctrine applies to proceedings until all appellate remedies have been exhausted. Huffman v. Pursue Ltd., 420 U.S. 592, 608 (1975); see Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services, 715 F. Supp. 1253, 1255 (S.D.N.Y. 1989). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010). It appears to the Court that there are on-going state proceedings for the foreclosure of real property. As the state in which the subject property is situated, Ohio has an important interest in resolving real estate issues impacting the property, and a ruling in the Ohio courts implicates the important interest of preserving the authority of the state's judicial system. See e.g., Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment proceedings important state interests under the Younger doctrine); Greg v. Pagano, 287 F. App'x 155 (3d Cir. 2008) (not published) (court abstained under the Younger doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, Plaintiff has an adequate opportunity to raise any potential constitutional

5

claims in state court. Accordingly, pursuant to Younger and its progeny the Court must abstain from adjudicating this action. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15(1987) (stating that Younger abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

    B.   **Rooker-Feldman Doctrine**

Additionally, federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[4] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see Power v. Department of Labor, Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002). Assuming, arguendo, that this case has been resolved by the Ohio state courts, the Rooker-Feldman doctrine applies as this is a case "brought by [a] state-court loser[] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Allowing Plaintiff's

---

[4] The Rooker-Feldman doctrine refers to principles set forth by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Because the doctrine divests the Court of subject matter jurisdiction, it may be raised at any time by the Court sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003).

6

claim to proceed against Defendant would allow her to use the federal courts to appeal a state court judgment, and thus, would run afoul of the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

Plaintiff specifically ask this court for injunctive relief. She phrases her claim as a violation of her right to due process, but it is evident to the Court based on her pleadings that she actually seeks review and rejection of an Ohio state court decision regarding foreclosure of the real property at issue. Accordingly, the Court concludes that her claim falls within the purview of the Rooker-Feldman doctrine, and therefore, the Court cannot exercise jurisdiction over her claim.

**IV.  CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction under the Younger abstention doctrine or, in the alternative, pursuant to the Rooker-Feldman doctrine. Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.